# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| SUPERPROTEIN STUDIOS INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2889-S |
| | § | |
| INFERNOZILLA, LLC | § | |

## ORDER

This Order addresses Plaintiff SuperPROTEIN Studios Inc.'s ex parte Application for Temporary Restraining Order ("Motion") [ECF No. 3]. Having reviewed the Motion and Plaintiff's Original Verified Complaint ("Verified Complaint") [ECF No. 1], the Court **DENIES** the Motion.

As an initial matter, Plaintiff seeks an ex parte temporary restraining order. Federal Rule of Civil Procedure 65(b)(1) provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:"

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Based on the materials before the Court, the Court finds that Plaintiff has not complied with the requirements of Rule 65 to warrant an ex parte restraining order. The Motion does not include an affidavit, and, although Plaintiff filed a verified complaint, the Verified Complaint does not include facts clearly showing Plaintiff's entitlement to the requested temporary restraining order before Defendant Infernozilla, LLC, can be heard in opposition.

Even if Plaintiff met the requirements of Rule 65, it has not met the substantive requirements to obtain a temporary restraining order. A party seeking injunctive relief "must

establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Direct Biologics, L.L.C. v. McQueen*, 63 F.4th 1015, 1020 (5th Cir. 2023) (alterations in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

"A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644-45 (N.D. Tex. 2021) (citation omitted). And "a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (alteration in original) (citation omitted).

Plaintiff has failed to "clearly carr[y] the burden of persuasion" on at least two of the elements Plaintiff must establish for each claim on which Plaintiff moved for injunctive relief. *Id.* With respect to the first element, Plaintiff has not shown more than a mere possibility of success on the merits. As to the second element, Plaintiff has not demonstrated "that irreparable injury is *likely* in the absence of an injunction." *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023) (quoting *Winter*, 555 U.S. at 22). Plaintiff claims that it will suffer irreparable harm because Defendant's ongoing conduct will cause lost business relationships and reputational harm. Mot. 4 ¶ 16. But those harms can be compensated by damages, and "monetary loss alone . . . does not constitute irreparable harm sufficient to justify the issuance of a" temporary restraining order. *Enter. Int'l, Inc. v. Corp. Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 474 (5th Cir. 1985). Plaintiff also claims that Defendant intends to destroy evidence by "complet[ing] account access

removal and archiv[ing] project materials" despite Plaintiff's issuance of a litigation-hold notice. Mot. 5 ¶ 19. Spoliation of evidence, however, is not an irreparable harm. If Defendant intentionally destroys evidence, the Court may take action "necessary to cure the prejudice," including "presum[ing] that the lost information was unfavorable to" Defendant or entering a default judgment against Defendant. FED. R. CIV. P. 37(e). Thus, Plaintiff has not clearly carried the burden of persuasion on at least two required elements.

Accordingly, the Court **DENIES** Plaintiff SuperPROTEIN Studios Inc.'s ex parte Application for Temporary Restraining Order [ECF No. 3].

**SO ORDERED.**

SIGNED October 27, 2025

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**